(No. 85-CV-098▮▮▮▮▮▮▮▮▮)

*In re* APPLICATION OF HOMERO RODARTE.

*Order filed May 10, 1985.*

HOMERO RODARTE, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (ALISON P. BRESLAUER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on March 24, 1984. Homero Rodarte seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on April 5, 1984, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on March 24, 1984, the victim and five others died of extensive burns as the result of a fire. The incident occurred in the apartment where the victim resided, located at 4448 South Hermitage, Chicago, Illinois. The victim was pronounced dead on arrival at Mercy Hospital. The investigation conducted by the police concluded that, due to the extensive burning and the collapse of the building, the cause of the fire could not be determined. Police records indicate that the incident was classified as an apparent accidental fire death. In addition, the medical examiner's certificate of death classified the victim's death as an accident.

2. That the Claimant seeks compensation for funeral expenses of the deceased victim, Santos Lupercio, age 10.

3. That funeral expenses of the six deceased victims in this incident totaled $10,394.64, or $1,732.44 for each victim's funeral. A donation of $333.33 was made toward each victim's funeral by Midwest Nut and Seed Company, leaving a balance of $1,399.11, which was paid by an unknown person or persons.

4. That the Claimant has submitted no substantiation to indicate that he incurred or paid for any portion of the funeral expenses of the deceased victim, Santos Lupercio.

5. That in order for a claimant to be eligible for compensation under the Act, there must be evidence of one of the violent crimes specifically set forth under section 2(c) of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 72(c).

6. That an accidental fire is not one of the violent crimes specifically set forth under section 2(c) of the Act.

498

7. That the Claimant has not met the required conditions precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.